## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ken J. Gregory,**
**Claimant Below, Petitioner**

**v.)**  **No. 25-101**  (JCN: 2023014071)
(ICA No. 24-ICA-221)

**Raleigh County Board of Education,**
**Employer Below, Respondent**


## MEMORANDUM DECISION


Petitioner Ken J. Gregory appeals the December 6, 2024, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Gregory v. Raleigh Cty. Bd. of Educ.*, No. 24-ICA-221, 2024 WL 5003298 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision). Respondent Raleigh County Board of Education filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the May 1, 2024, decision of the West Virginia Workers' Compensation Board of Review affirming the claim administrator's August 2 and 28, 2023, orders (1) denying the claimant's request to include lumbar degeneration, lumbar spine instability, lumbar radiculopathy, and lumbar spondylosis in the workers' compensation claim as compensable conditions;[2] and (2) correcting the January 30, 2023 order, which held the claim compensable, to identify the compensable injury as a "lumbosacral sprain" instead of an "unspecified injury of low back."

The claimant asserts that the evidence reveals that he was previously satisfactorily completing his job duties, but, after the compensable injury, he could no longer perform his job due to the new symptoms he was having. Therefore, the claimant argues that this Court should reverse the ICA and add lumbar degeneration, lumbar spine instability, lumbar radiculopathy, and lumbar spondylosis to the claim as compensable conditions pursuant to *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), and *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), in which this Court set forth the standards for adding preexisting conditions to a workers' compensation claim if those conditions were previously asymptomatic. The employer counters by arguing that the record clearly shows that the claimant was experiencing symptoms and undergoing treatment for his preexisting conditions at the time of his compensable

---

[1] The claimant appears by counsel Reginald D. Henry and Lori J. Withrow, and the employer appears by counsel Jeffrey M. Carder.

[2] The claim administrator also denied the addition of lumbar back pain as a compensable diagnosis. On appeal, the claimant no longer seeks to add that condition.

injury. The employer argues that the only new diagnosis specific to and causally related to the compensable injury is a lumbosacral sprain. Therefore, the employer argues that the ICA did not err in affirming the Board of Review's affirmation of the claim administrator's August 2023 orders identifying the compensable injury as a "lumbosacral sprain" and denying the addition of lumbar degeneration, lumbar spine instability, lumbar radiculopathy, and lumbar spondylosis to the claim as compensable conditions.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison